IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CRIMINAL NO. 3:23cr17-mcr |
|---|---|
| v. | VIOLATION: |
| KATHRYN DREY<br><br>Defendant. | Count 1:<br>18 U.S.C. §§ 208(a); 216(a)(2)<br>(Acts Affecting a Personal Financial Interest) |

## INFORMATION

THE UNITED STATES CHARGES:

At all times relevant to this Information unless otherwise indicated:

### BACKGROUND

1. The United States Attorney's Office for the Northern District of Florida (USAO-NDFL) was a part of the United States Department of Justice and the Executive Branch of the United States.

2. The USAO-NDFL was responsible for the prosecution of criminal cases brought by the Federal government, the prosecution and defense of civil cases in which the United States was a party, and the collection of debts owed to the Federal government that were administratively uncollectible.

3. The USAO-NDFL could retain the services of outside contractors to assist in litigating its cases.



1

4. Defendant **KATHRYN DREY** was an Assistant United States Attorney ("AUSA") in the Civil Division of the USAO-NDFL. From on or about February 3, 2019, until approximately March 2021, **KATHRYN DREY** was the Chief of the Civil Division for the USAO-NDFL.

5. As an AUSA, defendant **KATHRYN DREY** had the authority to request bids from companies for contracts with the USAO-NDFL, and depending on the amount of the expenditure, approve payment for said companies. As a supervisor, she also had authority to review and approve expenditures requested by attorneys in the Civil Division.

6. The Civil Division of the USAO-NDFL defended the interests of the United States in foreclosure lawsuits in Florida and elsewhere.

7. As an AUSA, defendant **KATHRYN DREY** was required to complete annual ethics training, which included training on conflicts of interest and 18 U.S.C. § 208.

8. Individual 1 was married to defendant **KATHRYN DREY**.

### *Company A*

9. Company A was a Florida limited liability company and a title-closing company for real estate transactions, located in Pensacola, Florida, within the Northern District of Florida. A title-closing company has the responsibility for ensuring that all the documents related to the ownership of properties are in order

before real estate transactions are executed, among other things. A title-closing company also provides an agent to oversee the closing process during real estate transactions.

10. Individual 1 purchased a 50% interest in Company A in January 2017 and purchased the remaining 50% interest in September 2017.

### *Company B and Company C*

11. Company B was an Alabama limited liability company. Company B was primarily a title-closing company for real estate transactions with locations in Alabama.

12. Company C was owned by the same individual as Company B. Company C was primarily a title-closing company for real estate transactions with locations in Florida. (Company B and Company C collectively referred to herein as "Company B")

13. Individual 1 was retained as an attorney for Company B for approximately one year in 2016. Individual 1 was again retained by Company B in and around January 2020. Individual 1 was not an owner of Company B.

### *Conflict of Interest*

14. Defendant **KATHRYN DREY** sought to have government contracts awarded to Company B to perform title searches.

15. Defendant **KATHRYN DREY** informed the USAO-NDFL that it needed to conduct title searches on properties in foreclosure litigation. She claimed Company B was the only title company willing to complete title searches for the USAO-NDFL at an affordable rate.

16. Defendant **KATHRYN DREY** did not disclose to her supervisors or members of the finance or administrative offices at the USAO-NDFL that Company B would pay her husband, Individual 1, a portion of the funds paid to Company B by USAO-NDFL for performance of the title search contracts.

17. Although defendant **KATHRYN DREY** communicated with Individual 1 and others at Company B on the USAO-NDFL title search contracts, defendant **KATHRYN DREY** did not reference Individual 1 as a point of contact to others at the USAO-NDFL

18. In or about February 2020, defendant **KATHRYN DREY** recommended to administrative staff at the USAO-NDFL that the title search contract be awarded to Company B.

19. On or about February 10, 2020, at defendant **KATHRYN DREY's** recommendation, the Executive Office of the U.S. Attorneys ("EOUSA") awarded, on behalf of USAO-NDFL, the first title search contract to Company B for Litigative Consultant Services to conduct records title searches for real property relating to ongoing civil cases and provide opinions on real property and liens.

20. Ten additional contracts and contract modifications were executed between the USAO-NDFL and Company B for the same consultant services on or about, February 21, 2020; February 28, 2020; March 25, 2020; April 22, 2020; September 1, 2020; October 21, 2020; November 6, 2020; and December 3, 2020.

21. As payment for the performance of the title search contracts awarded to Company B by the USAO-NDFL, through defendant **KATHRYN DREY**, between in and around March 2020 and December 2020, the United States deposited $45,150 in Company B's bank account ending in -9714.

22. Individual 1 received approximately two-thirds of the funds paid to Company B by the USAO-NDFL for performance of the title search contracts.

## COUNT ONE
## 18 U.S.C. §§ 208(a), 216(a)(2)
### (Acts Affecting a Personal Financial Interest)

23. The allegations set forth in paragraphs 1 through 22 of this Information are realleged and incorporated by reference.

24. Between on or about January 1, 2020, and on or about December 31, 2020, in the Northern District of Florida, and elsewhere, the defendant, **KATHRYN DREY,** being an employee of the executive branch of the United States Government, that is, an AUSA in the Department of Justice, knowingly and willfully participated personally and substantially as a United States Government employee, through decision, approval, disapproval, recommendation, the rendering of advice, and

otherwise, that is, the awarding of title search contracts by the USAO-NDFL to Company B, in which the defendant **KATHRYN DREY** knew her spouse had a financial interest.

All in violation of Title 18, United States Code, Sections 208(a) and 216(a)(2).

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_____
LAUREN CASTALDI
NICHOLAS W. CANNON
Trial Attorneys
Public Integrity Section
U.S. Department of Justice