IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KATHRYN DREY,<br>Defendant | Criminal Case No. 23-cr-017 |

SENTENCING MEMORANDUM OF THE UNITED STATES

Defendant Kathryn Drey was the Chief of the Civil Division of the United States Attorney's Office for the Northern District of Florida ("USAO-NDFL") from February 2019 through March of 2021. During her tenure as Chief of the Section, the Defendant directed litigation contracts be awarded to a company in which her husband had a financial interest. The Defendant never requested or received a waiver of this inherent conflict, which allowed for her husband to benefit financially from the contractual relationship with the USAO-NDFL. For the foregoing reasons, the United States requests that the Court sentence the Defendant to a two-year term of probation for this offense. This recommendation is consistent with the parties' plea agreement (ECF No. 13, p. 8.), accounts for the Defendant's pre-indictment

1

acceptance of responsibility,[1] and is appropriate after consideration of the statutory factors contained in 18 U.S.C. § 3553.

I.  Offense Conduct

On March 21, 2023, the United States filed a one-count Information against Kathryn Drey for violating 18 U.S.C. §§ 208(a) and 216(a)(2). The basis of the Information related to Defendant's conduct while serving as a line attorney and as the Chief of the Civil Division of the USAO-NDFL. Specifically, the Defendant directed contracts for title searches to be awarded to two companies in which her husband had a financial interest. The Defendant did not disclose to her supervisors or anyone else within the USAO-NDFL that her husband would receive compensation from the companies as a result of awarding of these contracts. Further, the Defendant communicated directly with her husband regarding these arrangements and the substantive work being done but did not disclose him as a point of contact to other employees at the USAO-NDFL, which would have alerted them to the conflict.

The Defendant first awarded a contract that benefited her husband in 2018. That year, the Defendant requested that the USAO-NDFL award a contract for title searches to Company A related to a case that the Defendant was working on as an

---

[1] The United States notes that many of the Defendant's factual disputes raised in response to the PSR appear to contradict portions of the factual basis agreed to during the plea hearing and approach a failure to accept responsibility for her criminal conduct.

Assistant United States Attorney. At the time, the Defendant's husband held a 100% ownership stake in Company A. The Defendant willfully concealed this conflict from her supervisors or anyone within the USAO-NDFL. Then, in 2020, after the Defendant had become Civil Chief, she engaged in a pattern of conduct to award title search contracts to Company B – a company that her husband worked with – and conceal the relationship that her husband had with Company B and the financial benefits to him for the contracted work. The Defendant had participated in yearly ethics trainings on conflicts and was clearly aware that this arrangement was unlawful under federal law.

This scheme was ultimately uncovered when the Defendant's husband submitted an invoice to the USAO-NDFL with the name of Company A (rather than Company B who had been contracted to do the work), which caught the attention of budget personnel in the USAO-NDFL. Had this error in accounting by the Defendant's husband not occurred, the scheme could have continued indefinitely without detection.

II. <u>Argument</u>

    a. <u>The Sentencing Guidelines</u>

In determining the appropriate sentence, a district court use the correctly calculated Guideline Range as its "starting point and the initial benchmark." *United States v. Gall*, 552 U.S. 38, 49 (2007). District courts are required to consider the

advisory guideline range and the factors set forth in 18 U.S.C. § 3553(a), with a goal of achieving a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). "The district court's task is to impose a sentence that will adequately (1) 'reflect the seriousness of the offense,' (2) 'promote respect for the law,' (3) 'provide just punishment,' (4) 'afford adequate deterrent,' (5) 'protect the public from further crimes of the defendant,' and (6) provide the defendant with any needed training and treatment in the most effective manner." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253-54 (11th Cir. 2015) (quoting 18 U.S.C. §3553(a)(2)). "The task is a holistic endeavor that requires the district court to consider a variety of factors: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics, (3) the kind of sentences available, (4) the applicable sentencing guideline range, (5) pertinent policy statements of the Sentencing Commission, and (6) the need to avoid unwarranted sentencing disparities." *Id*. at 1254 (citing § 3553(a)).

"The court is not required to give all of the § 3553(a) sentencing factors equal weight." *United States v. Howard*, 28 F.4th 180, 205 (11th Cir. 2022). "The decision about how much weight to assign a particular sentencing factor is 'committed to the sound discretion of the district court.'" *Rosales-Bruno*, 789 F.3d at 1254 (quoting *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)). Further, a district court need not "robotically tick through § 3553(a)'s every subsection," nor must it

"explicitly discuss every § 3553(a) factor on the record." *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006); *see also United States v. Decampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) ("[a]lthough the district court must provide some explanation for the sentence, 'nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.'" (citing *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)).

b. The Offense Level Calculation

As set forth in the Plea Agreement, the parties agree that the applicable Guidelines calculation is a base offense level of six pursuant to U.S.S.G. § 2C1.3(a). A two-reduction is applied for the Defendant's acceptance of responsibility resulting in a total offense level of 4. The corresponding sentencing guideline range is 0 to 6 months imprisonment.

c. § 3553(a) Factors and Recommendation

After careful consideration of the statutory factors contained in § 3553(a), the United States recommends that the Court sentence the Defendant to a term of probation. This is an appropriate sentence given the Defendant's lack of criminal history, the nature of the offense, the Defendant's early acceptance of responsibility, and achieves the overall goals of sentencing. While the Defendant has committed a serious crime that betrayed the trust bestowed on her as an Assistant United States

Attorney, there was minimal damage caused by her conduct, and the significant collateral consequences she has suffered – retirement from public service and impending loss of her license to practice law – provide a sufficient deterrent to promote respect for the law.

III. <u>Conclusion</u>

For the reasons stated above, the United States respectfully recommends at term of probation for the Defendant.

Respectfully submitted, this 19th day of July, 2023.

      COREY R. AMUNDSON
      Chief, Public Integrity Section
      U.S Department of Justice

      <u>/s/ Nicholas W. Cannon</u>
      Nicholas W. Cannon
      (DC Bar 984858)
      Lauren Castaldi
      (Mass Bar 669957)
      Trial Attorneys
      Department of Justice
      Public Integrity Section
      1301 New York Ave., NW
      Washington, D.C. 20530
      (202) 514-8187
      nicholas.cannon2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record as listed below.

*/s/ Nicholas Cannon*
Nicholas W. Cannon
Trial Attorney